IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FILED
SEP 29 2009
DAVID CREWS, CLERK
BY _____ Deputy

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO 2:09CV171-M-A |
| v. | ) ) | COMPLAINT |
| DRUMHELLER BAG CORP. | ) ) ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Freddie Barney who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8a through 8h below, the Equal Employment Opportunity Commission claims Mr. Barney was denied a reasonable accommodation of his sincerely held religious beliefs and terminated because of his religious beliefs in violation of Title VII.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and §707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.   The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Delta Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4. At all relevant times, Defendant Drumheller Bag Corp. ("Defendant Employer"), was a corporation doing business in the State of Mississippi and the City of Clarksdale and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Freddie Barney filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August of 2006 and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Clarksdale, Mississippi, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

8. Defendant Employer denied Freddie Barney a reasonable accommodation of his sincerely held religious beliefs and terminated him because of his religious beliefs.

  a. When Mr. Barney began his employment with Defendant Employer he made it clear to Defendant Employer that his religious beliefs required that he observe his Sabbath.

  b. Mr. Barney was a member of the Restitution of Hope Ministry.

  c. Defendant Employer occasionally operated its facility on Saturday and posted notices for employees when Saturday work was scheduled.

  d. Mr. Barney advised his supervisor that he could not work on his Sabbath which was from sundown Friday until sundown Saturday.

  e. Mr. Barney received a written warning from Defendant Employer for not working on a Saturday.

  f. Mr. Barney provided Defendant Employer with a letter from his pastor describing his religious beliefs. The letter stated that Mr. Barney was prohibited from working on his Sabbath.

  g. Mr. Barney was told by Defendant Employer's Vice President that it would not be a problem for Mr. Barney to not work on Saturdays.

  h. However, Mr. Barney was subsequently terminated for failing to work on a Saturday.

  9. The effect of the practices complained of above has been to deprive Freddie Barney of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

  10. The unlawful employment practices complained of in paragraphs 8a-8h were and are intentional.

  11. The unlawful employment practices complained of in paragraphs 8a-8h were done with malice or reckless indifference to the federally protected rights of Mr. Barney.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, attorneys, and all persons in active concert or participation with it, from failing to provide reasonable accommodations to the sincerely held religious beliefs of its employees pursuant to Title VII of the Civil Rights Act of 1964, as amended.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Freddie Barney who was subjected to religious discrimination and discharged by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay.

D. Order Defendant Employer to make whole Freddie Barney who was subjected to religious discrimination and discharged by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8a through 8h above, including medical and/or counseling expenses, relocation expenses, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Freddie Barney who was subjected to religious discrimination and discharged by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraphs 8a through

8h above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Freddie Barney who was subjected to religious discrimination, suspension and discharged, punitive damages for its malicious and reckless conduct described in paragraphs 8a through 8h above, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____
**FAYE WILLIAMS**
Regional Attorney
TN Bar #011730

_____
**CARSON OWEN** (with perm.)
Senior Trial Attorney
TN Bar #009240

_____
**KENNETH ANDERSON**
Trial Attorney
DC Bar #469576

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, Tennessee 38104
(901) 544-0137

faye.williams@eeoc.gov
carson.owen@eeoc.gov
kenneth.anderson@eeoc.gov

_____
**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
AR Bar #88081

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Ste. 200
Little Rock, Arkansas 72201
Telephone: (501) 324-5539
william.cash@eeoc.gov